UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TAD McKINNEY,
                Petitioner,

                                                                  Civil Case No. 9:04-CV-1150
        vs.                                                       (GTS/DEP)

JOHN W. BURGE, Superintendent, Auburn C.F.,
                Respondent.
_____

APPEARANCES:                                      OF COUNSEL:

TAD MCKINNEY, 01-B-1575
  Petitioner, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ANDREW M. CUOMO                MICHELLE E. MAEROV, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, NY 10271

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Tad McKinney ("Petitioner") brought this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) By Report-Recommendation dated January 29, 2008, the Honorable David E. Peebles, United States Magistrate Judge, recommended that the Petition be denied and dismissed, and that a certificate of appealability not issue. (Dkt. No. 24 [Rep.-Rec.].) Petitioner timely filed Objections to the Report-Recommendation after being given leave for an extension on May 30, 2008. (Dkt. No. 29 [Obj. to Rep.-Rec.].) For the reasons set forth below, the Court accepts and adopts the Report-Recommendation, and dismisses Petitioner's Petition.

**I.**        **STANDARD OF REVIEW**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.   BACKGROUND

---

[1] On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

For the sake of brevity, the Court will not repeat the factual background of Petitioner's conviction in 2001 for burglary, grand larceny and petit larceny, and his subsequent state court appeals, but will simply refer the parties to the relevant portions of Magistrate Judge Peebles's Report-Recommendation, which accurately recite that factual background. (Dkt. No. 24, at 2-16 [Rep.-Rec.].)

In his Petition, Petitioner asserts six claims in support of his request for habeas relief: (1) his statement to police officials was coerced; (2) the prosecution improperly withheld exculpatory material from him; (3) the evidence adduced at trial was legally insufficient to support his convictions; (4) his trial counsel was ineffective; (5) his appellate counsel was ineffective; and (6) the sentence imposed was excessive and constituted cruel and unusual punishment. (Dkt. No. 1, at 3 [Addendum 3 to Petition]; *see also* Dkt. No. 18, at 6-19 [Pages "2" to "15" of Traverse].)

In his Report-Recommendation, Magistrate Judge Peebles' recommends that the Court deny each of these six claims. (Dkt. No. 24, at 21-100 [Rep.-Rec.].)

In his Objections to Magistrate Judge Peebles' Report-Recommendation, Petitioner raises specific objections to only the first five of Magistrate Judge Peebles' six recommendations. (*See* Dkt. No. 29, Part 1, at 1-36 [Obj. to Rep.-Rec.].) Petitioner makes no objection (or only a general objection) to Magistrate Judge Peebles' sixth recommendation (i.e., that the Court deny Petitioner's claim that his sentence is cruel and unusual, in violation of the Eighth Amendment). (*Compare* Dkt. No. 24, at 94-100 [Rep.-Rec.] *with* Dkt. No. 29, Part 1, at 35-36 [Obj. to Rep.-Rec.].)

**III.    ANALYSIS**

The Court's analysis begins with recognition of the fact that, because Petitioner makes no objection (or only a general objection) to Magistrate Judge Peebles' sixth recommendation (i.e., that the Court deny Petitioner's claim that his sentence is cruel and unusual, in violation of the Eighth Amendment), the Court reviews that sixth recommendation for clear error or manifest injustice. After carefully reviewing all of the papers in this action, the Court concludes that Magistrate Judge Peebles' sixth recommendation is not subject to attack for plain error or manifest injustice. (*See* Dkt. No. 24, at 94-100 [Rep.-Rec.].) As a result, the Court adopts Magistrate Judge Peebles' recommendation that the Court deny Petitioner's claim that his sentence is cruel and unusual, in violation of the Eighth Amendment. The Court notes that this recommendation would survive even a de novo review.

Turning to the five recommendations of Magistrate Judge Peebles to which Petitioner does make a specific objection, the Court reviews those recommendations de novo. After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' Report-Recommendation and Plaintiffs' Objections thereto, the Court can find no error in these five recommendations of Magistrate Judge Peebles. (*See* Dkt. No. 24, at 21-94 [Rep.-Rec.].) Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (*Id.*) The Court finds that only eight of Petitioner's arguments are worthy of further discussion in this Decision and Order.

Liberally construed, these eight arguments are as follows: (1) that the Report-Recommendation improperly failed to consider Petitioner's Traverse; (2) that the state courts and Magistrate Judge Peebles failed to consider the "totality of the circumstances" surrounding Petitioner's discussion with police investigators; (3) that the state courts and Magistrate Judge

Peebles improperly characterized, or failed to recognize, the exculpatory evidence that was withheld from Petitioner; (4) that the jury charge on circumstantial evidence was improper; (5) that there are facts which the state courts and Magistrate Judge Peebles failed to realize, and which support a finding that the evidence presented at trial was legally insufficient to convict Petitioner; (6) that Magistrate Judge Peebles wrongfully relied on certain case law in recommending that Petitioner's ineffective assistance of counsel claim be dismissed; (7) that Petitioner's claims regarding the ineffective assistance of trial counsel were properly exhausted; and (8) that Petitioner's claims regarding the ineffective assistance of appellate counsel were properly exhausted. (*See* Dkt. No. 29, Part 1, at 7-11, 15-27, 30, 32-33 [Obj. to Rep.-Rec.].)

### A. Petitioner's Argument that the Report-Recommendation Improperly Failed to Consider His Traverse

Petitioner argues that the Report-Recommendation improperly failed to consider his Traverse. (Dkt. No. 29, Part 1, at 7 [Obj. to Rep.-Rec.].) Magistrate Judge Peebles expressly cited Petitioner's Traverse in his Report-Recommendation. (*See*, *e.g.*, Dkt. No. 24, at 17, 22, 32, 36, 38, 44.) In addition, after reviewing the record, the Court finds that Petitioner's Traverse offered only one argument that Magistrate Judge Peebles could be said to have not exhaustively considered: that the prosecution had failed to turn over to Petitioner exculpatory evidence in the form of a police report about Ted Johnson. (Dkt. No. 18, at 13-16 [attaching pages "9" to "12" of Traverse].)[3] Of course, Magistrate Judge Peebles could not have reached the merits of this

---

[3] To the extent that Petitioner argues that certain portions of Magistrate Judge Peebles' Report-Recommendation are erroneous solely because they do not cite Petitioner's Traverse, the Court can find no legal support for such a proposition. *See Deck v. Varner*, 99-CV-4818, 2001 WL 1417617, at *1, 3, 6 (E.D. Pa. Nov. 8, 2001) (rejecting habeas petitioner's argument that magistrate judge erred by failing to address various facts and arguments raised in his traverse).

argument because Petitioner failed to provide Magistrate Judge Peebles with a copy of the police report. (Dkt. No. 24, at 41, 42-43 [Report-Recommendation].) In any event, the Court discusses–and rejects–this argument in Part III.C. of this Decision and Order.

For these reasons, the Court rejects Petitioner's argument that the Report-Recommendation improperly failed to consider his Traverse.

### B. Petitioner's Argument that the State Courts and Magistrate Judge Peebles Failed to Consider the "Totality of the Circumstances" Surrounding Petitioner's Discussion with Police Investigators

Petitioner argues that the state courts and Magistrate Judge Peebles failed to consider the "totality of the circumstances" surrounding Petitioner's discussion with the police investigators. (Dkt. No. 29, Part 1, at 9 [Obj. to Rep.-Rec.].) More specifically, Petitioner argues that his constitutional rights were violated because (1) he was coerced into speaking with the police, (2) he asked to have an attorney present but was ignored, and (3) his speech was not voluntary because he had just been released from a "psych clinic." (*Id*. at 8-9.)

Magistrate Judge Peebles thoroughly addressed the "totality of the circumstances" in reaching his lengthy conclusion that Petitioner's constitutional rights were not violated with regard to his oral statements to law enforcement officials. (Dkt. No. 24, at 21-37 [Rep.-Rec.].) The Court will only add one point.

Detective McBlane read Petitioner his *Miranda* rights from a *Miranda* rights waiver form, and asked after each right whether Petitioner understood those rights, to which Petitioner responded in the affirmative. (Dkt. No. 24, at 26-27 [Rep.-Rec.].) Petitioner then read and signed the waiver form at approximately 6:00 p.m. and agreed to speak with investigators without an attorney. (*Id*. at 27.) Petitioner argues that he requested an attorney "during

[Detective] McBlane's portion of the interrogation and was ignored the whole nite [sic]." (*See* Dkt. No. 29, Part 1, at 11 [Obj. to Rep.-Rec.].)  However, Petitioner offers no evidence supporting this argument.[4]  Moreover, Petitioner continued to speak with investigators for the next eight to nine hours despite their alleged refusal to comply with his request for an attorney.

For these reasons, the Court rejects Petitioner's argument that the state courts and Magistrate Judge Peebles failed to consider the "totality of the circumstances" surrounding Petitioner's discussion with the police investigators.

### C. Petitioner's Argument that the State Courts and Magistrate Judge Peebles Improperly Characterized, or Failed to Recognize, the Exculpatory Evidence that Was Withheld from Petitioner

Petitioner argues that the state courts and Magistrate Judge Peebles improperly characterized, or failed to recognize, two pieces of exculpatory evidence that the prosecution failed to turn over, in violation of its requirement under *Brady*: (1) reports on the forgery investigation/reports related to the facts surrounding the travelers checks that first led police to Mark Perry; and (2) a police report about, and the sworn statement of, Ted Johnson, which (allegedly) show that Johnson was a suspect in the burglary.  (Dkt. No. 29, Part 1, at 13-18 [Obj. to Rep.-Rec.].)

With regard to the former evidence, the Court finds that this evidence was in fact thoroughly (and correctly) addressed by Magistrate Judge Peebles in his Report-

---

[4] The Court notes that the trial court concluded that Petitioner's claim that he asked for an attorney was not credible.  As noted by Magistrate Judge Peebles in his Report-Recommendation, because Petitioner has not come forward with evidence to refute the hearing court's factual findings, the findings are presumed to be correct.  (*See* Dkt. No. 24, at 29 [Rep.-Rec.].)

Recommendation. (*See* Dkt. No. 24, at 37-43 [Rep.-Rec.].) With regard to the latter evidence, Magistrate Judge Peebles could not have considered it because Petitioner failed to provide him with either a copy of Johnson's sworn statement or a copy of the police report. (Dkt. No. 24, at 43 [Report-Recommendation].)

Although Petitioner still has not provided a copy of the Ted Johnson police report (which Petitioner speculates must exist based on the sworn statements made by Johnson), Petitioner has now–for the first time–provided a copy of Johnson's sworn statement made on June 20, 2000. (Dkt. No. 29, Part 1, at 38-40.) As an initial matter, the Court finds that Petitioner has no right to present this evidence during his Objection to Magistrate Judge Peebles' Report-Recommendation, because he has offered no compelling justification for not offering the evidence to Magistrate Judge Peebles in the first instance. *See*, *supra*, note 1 of this Decision and Order.[5] Under the circumstances, the Court declines to exercise its discretion to review the

---

[5]    Petitioner's explanation for not previously submitting Johnson's sworn statement is that he "was under the mistaken belief that . . . [the] statement was part of the trial record." (Dkt. No. 29, Part 1, at 16 [Opp. to Rep.-Rec.].) Petitioner had access to a complete copy of the trial record through appellate counsel, and presumably was (or could have been, upon his request) provided with that complete copy of the trial record when his relationship with appellate counsel ended. In addition, the Court notes that more than five (5) months passed between the date on which Respondent served its Memorandum of Law on Petitioner and the date on which Petitioner filed his Traverse. (*Compare* Dkt. Nos. 10, 12 [Decl. and Affid. of Serv., dated 3/17/05] *with* Dkt. No. 18 [Traverse, dated 8/26/05].) The Court finds that Petitioner's purported mistake, which was caused by neglect, is not a compelling justification for failing to offer this evidence to Magistrate Judge Peebles. *See Housing Works, Inc. v. Turner*, 362 F. Supp.2d 434, 438-39 (S.D.N.Y. 2005) (mistaken belief of immateriality of evidence omitted from record not "compelling reason" for supplementing record during objection to magistrate judge's report-recommendation); *Crown Heights Jewish Community Council, Inc. v. Fischer*, 63 F. Supp.2d 231, 234-35 (E.D.N.Y. 1999) (mistake due to "uncertainty" as to need did not constitute "sound basis" for supplementing record during objection to magistrate judge's report-recommendation); *U.S. Fidelity and Guar. Co. v. J. United Elec. Contracting Corp.*, 62 F. Supp.2d 915, 917-18 (E.D.N.Y. 1999) (being "overwhelmed by a number of legal proceedings" not an adequate justification for supplementing record during objection to magistrate judge's report-

evidence. The Court would add only two points.

First, the Court is uncertain how Johnson's sworn statement–which regards events leading up to the towing of a car driven by Johnson on June 14, 2000, near the location of 222 Moore Avenue, at around the time that the residence was burglarized–is even material to Petitioner's conviction.[6] Petitioner was not convicted of any crimes that occurred on June 14, 2000, or of any crimes that were related to the burglary of the residence at 222 Moore Avenue; rather, the last crime that Petitioner was convicted of committing occurred on June 7, 2000. (*See* Dkt. No. 24, at 7 [Rep.-Rec.].)

Second, Petitioner offers only speculation about what the June 14, 2000, police report says. (Dkt. No. 29, Part 1, at 15-16 [Opp. to Rep.-Rec.].) Moreover, to the extent that the police report exists and details the towing of the car that Johnson was driving and places Johnson near 222 Moore Avenue at around the time the residence was burglarized, that police report would be cumulative of Johnson's sworn statement.

For these reasons, the Court rejects Petitioner's argument that the state courts and

---

recommendation). This rule applies even to pro se habeas corpus petitioners. *See*, *e.g.*, *Forman v. Artuz*, 211 F. Supp.2d 415, 418, n.8 (S.D.N.Y. 2000) (concluding that petitioner's evidence, raised for the first time during his objection to magistrate judge's report-recommendation, was untimely).

[6]  The sworn statement states as follows. On June 14, 2000, Johnson drove Petitioner to "the 400 blk of E. Colvin St. near Berwyn Ave." and waited in the car, "knowing [Petitioner] was going to steal some stuff." (*See* Dkt. No. 29, Part 1, at 39 [Obj. to Rep.-Rec., Exh. B].) After waiting "at least an hour," Johnson "decided to get out of the car and see what was going on." (*Id*.) "Once [Johnson] got out of the car, [he] realized that [he] had accidentally" locked the keys in the car. (*Id*.) "Shortly thereafter, [Petitioner] showed up . . . carrying a blue colored canvass bag . . . ." (*Id*.) When Johnson told Petitioner what happened, Petitioner "walked off, all pissed off." (*Id*.) The police arrived later "to see what was going on, and eventually towed the car." (*Id*.)

Magistrate Judge Peebles improperly characterized, or failed to recognize, exculpatory evidence that the prosecution failed to turn over, in violation of its requirement under *Brady*.

### D. Petitioner's Argument that the Jury Charge on Circumstantial Evidence Was Improper

Petitioner argues that the jury charge on circumstantial evidence was highly prejudicial, impairing his right to a fair trial, because it was too lengthy and confusing. (Dkt. No. 29, Part 1, at 32-33 [Obj. to Rep.-Rec.].) Specifically, Petitioner appears to argue either (1) that a circumstantial evidence charge was inapplicable because the prosecution's case rested on a combination of direct and circumstantial evidence, or (2) that, because a circumstantial evidence charge was given to the jury, it was improper to allow the introduction of any direct evidence of guilt, such as Detective Stonecypher's report. (*Id*. at 2.)[7]

Assuming for the sake of argument that Petitioner has sufficiently presented this argument to Magistrate Judge Peebles for review, the Court rejects this argument for three reasons. First, challenges to jury instructions that rely on a violation of state law are generally not cognizable on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002) (non-constitutional claims not cognizable in federal habeas corpus proceedings). Only constitutional challenges are actionable, and there was no constitutional violation in this case. Stated another way, the trial court's decision to give the circumstantial evidence jury charge (which defense counsel requested) did not result in a violation of Petitioner's federal constitutional rights. Moreover, the Court notes that, even if it

---

[7] Detective Stonecypher's report was prepared after Petitioner's June 20, 2000, interview with the police and (according to Petitioner) contained Petitioner's confession of crimes that he committed in the past, unrelated to the crimes he was subsequently convicted of committing.

were to find that the instruction was improper under state law (which the Court does not find), Defendant has not shown that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).

Second, to the extent that Petitioner argues that the circumstantial evidence charge to the jury should not have been given because the prosecution's case relied on both direct and circumstantial evidence, the Court rejects that argument. Even assuming (for the sake of argument) that some of the evidence used to convict Petitioner could qualify as "direct evidence" as opposed to "circumstantial evidence," Petitioner would not have been harmed by such a charge for two reasons: (1) the charge still demanded that Petitioner's guilt be proven beyond a reasonable doubt; and (2) indeed, the charge drew the attention of the jury to the more rigorous standard that it would have to apply in order to convict Petitioner.[8]

Third, and finally, to the extent Petitioner argues that the introduction of any direct evidence of guilt (such as Stonecypher's report) should have been precluded because of the charge, the Court also rejects that argument. Such evidence should have been precluded only if that evidence was obtained in violation of Petitioner's *Miranda* rights.[9] The Court notes that a

---

[8] *See, e.g., People v. Barnes*, 50 N.Y.2d 375, 379-80 (1980) (noting that when a conviction depends entirely upon circumstantial evidence, although the finder of fact must undertake a "rigorous function" in order to find guilt beyond a reasonable doubt, "the ultimate burden of proof which must be borne by the People" is not altered "with a case of purely circumstantial evidence.")

[9] *See, e.g., U.S. v. Lugo Guerrero*, 524 F.3d 5, 8-9 (1st Cir. 2008) (finding that a confession of having committed two prior robberies was admissible in the prosecution's case in chief because the statements were not obtained in violation of defendant's *Miranda* rights). The Court has already concluded that the statements that Petitioner made during his discussion with law enforcement officials did not violate Petitioner's *Miranda* rights. *See*, *supra*, Part III.B. of this Decision and Order.

confession as to the commission of one crime is not direct evidence of the commission of a related crime, but instead may be extrinsic evidence of a common scheme or plan.[10]  The Court notes also that, here, a *Ventimiglia* hearing was held to determine the admissibility of evidence against Petitioner of uncharged crimes; and, during that hearing, Petitioner's counsel objected to the introduction of Stonecypher's report.  (*See* Trial Tr. at 8-10, 12, 16-19.)  The result of the hearing, as evidenced by the testimony of Detective Stonecypher, was that Stonecypher's testimony regarding Petitioner's admissions to having committed prior burglaries was limited to only those burglaries that were "inextricably interwoven" with the burglaries that Petitioner was charged with committing.  (*See* Trial Tr. at 523-31.)

For these reasons, the Court rejects Petitioner's argument that the jury charge on circumstantial evidence was improper.

  **E.** **Petitioner's Argument that There Are Facts Which the State Courts and Magistrate Judge Peebles Failed to Realize, and Which Support a Finding that the Evidence Presented at Trial Was Legally Insufficient to Convict Petitioner**

Petitioner argues that there are facts which the state courts and Magistrate Judge Peebles failed to realize, and which support a finding that the evidence presented at trial was legally insufficient to convict Petitioner.  (Dkt. No. 29, Part 1, at 18-24 [Obj. to Rep.-Rec.].)  Again, Magistrate Judge Peebles thoroughly addressed this claim in his Report-Recommendation.  (Dkt. No. 24, Part 1, at 43-53 [Rep.-Rec.].)  The Court notes that "[a]n inquiry into whether there was sufficient evidence adduced at trial to support a conviction 'does not focus on whether the trier

---

[10] *See, e.g., People v. Athanasatos*, 836 N.Y.S.2d 343, 345-46 (N.Y. App Div., 3d Dept. 2007) (allowing "police officer to testify regarding a nearly identical incident involving . . . defendant that took place the day before the alleged burglary in New York" because such extrinsic evidence established a common scheme or plan).

of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit.'" *Moss v. Phillips*, 03-CV-1496, 2008 WL 2080553, at *5 (N.D.N.Y. May 15, 2008) (Kahn, J.) (citing *Herrera v. Collins*, 506 U.S. 390, 402 [1993]). "A habeas petitioner claiming that there was insufficient evidence supporting the conviction is entitled to relief under 28 U.S.C. § 2254 only if it is found 'that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *Moss*, 2008 WL 2080553, at *5 (citing *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) [other citation omitted]. "The reviewing court is required to consider the evidence in the light most favorable to the prosecution, and draw all inferences in its favor." *Id*. (citing *Jackson*, 443 U.S. at 319).

For these reasons, the Court rejects Petitioner's argument that there are facts which the state courts and Magistrate Judge Peebles failed to realize, and which support a finding that the evidence presented at trial was legally insufficient to convict Petitioner.

    **F.**    **Petitioner's Argument that Magistrate Judge Peebles Wrongfully Relied on Certain Case Law in Recommending that Petitioner's Ineffective Assistance of Counsel Claim Be Dismissed**

Petitioner argues that Magistrate Judge Peebles improperly relied on certain case law in rendering his recommendation that Petitioner's ineffective assistance of counsel claim be dismissed. (Dkt. No. 29, Part 1, at 30-32 [Obj. to Rep.-Rec.].) Specifically, Petitioner argues (1) that the Report-Recommendation should not have relied on *Pena v. Fischer*, 00-CV-5984, 2003 WL 1990331, at *10 (S.D.N.Y. Apr. 30, 2003), when addressing the *Ventimiglia* issue, because the case was not decided until 2003, and Petitioner went to trial in June 2001, and (2) "all of the cases cited in the Report [Recommendation] on p[age] 78 [and] p[age] 79 do not deal with

ineffective assistance [of counsel]." (*Id.*)

On pages 71 and 72 of his Report-Recommendation, Magistrate Judge Peebles cites *Pena* for the proposition that, "[w]hen evidence of uncharged crimes is part of the history of the charged crime, it is admissible." *Pena v. Fischer*, 00-CV-5984, 2003 WL 1990331, at *10 (S.D.N.Y. Apr. 30, 2003). Although Petitioner is correct that the *Pena* decision occurred after Petitioner's conviction, in reciting the above-referenced point of law, *Pena* expressly relies on a Second Circuit case decided in 1986–*United States v. Brennan*, 798 F.2d 581, 589 (2d Cir. 1986).

Furthermore, on pages 78 and 79 of his Report-Recommendation, Magistrate Judge Peebles cites three cases to support his recommendation that Petitioner's trial counsel was not ineffective due to his failure to timely request a missing witness charge. (Dkt. No. 24, at 78-79 [Rep.-Rec.].) First, the Court notes that this portion of Magistrate Judge Peebles's recommendation is an alternative explanation for dismissing Petitioner's ineffective assistance claim against trial counsel. (*Id.* at 75-79.) Second, as Magistrate Judge Peebles notes, proving ineffective assistance of counsel requires that Petitioner demonstrate a "reasonable probability" that, but for counsel's deficiency, the result would have been different. (*Id.* at 66 [citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)].) Magistrate Judge Peebles cites the three cases to explain that whatever error may have resulted from trial counsel's failure to timely request a missing witness charge did not create a "reasonable probability" that the result would have been different because trial counsel was still able to emphasize the absence of the witness during summation.

For these reasons, the Court rejects Petitioner's argument that Magistrate Judge Peebles

improperly relied on certain case law in rendering his recommendation that Petitioner's ineffective assistance of counsel claim be dismissed.

      **G.**      **Petitioner's Argument that His Claims Regarding the Ineffective Assistance of Trial Counsel Were Properly Exhausted**

Petitioner argues that all of his claims regarding the ineffective assistance of trial counsel were properly exhausted, because "none of the issues that Pet[itioner] raised on appeal, or in his habeas petition, involved allegations not contained in the record." (Dkt. No. 29, Part 1, at 24 [Obj. to Rep.-Rec.].) Petitioner further argues that he did not file a 440.10 motion because he "never sought to rely on any issue that was not preserved on the record." (*Id*.)

The Court does not agree with Petitioner that he properly exhausted all claims that he now seeks to assert regarding ineffective assistance of trial counsel for the same reasons offered by Magistrate Judge Peebles. (Dkt. No. 24, at 53-64 [Rep.-Rec.].) Simply stated, twelve of the challenges that Petitioner asserts are not challenges that assert the availability of new evidence, but instead are challenges based upon facts that appear on the face of the record.[11] Nonetheless, on direct appeal, Petitioner made only a general claim that his trial counsel was ineffective, which claim was (he argued) supported by the record. (*See Pro Se* Supp. Br. at I.)[12]

For the reasons that Magistrate Judge Peebles found Petitioner's challenges unexhausted, the Court finds Petitioner's challenges unexhausted. (Dkt. No. 24, at 56-59 [Rep.-Rec.].) As

---

[11]    The Court notes that the twelve challenges are accurately detailed in Magistrate Judge Peebles's Report-Recommendation. (*See* Dkt. No. 24, at 53-54 [Rep.-Rec.].)

[12]    The Appellate Division rejected Petitioner's general claim, finding instead that his trial counsel provided "meaningful representation" in accordance with New York standards. *People v. McKinney*, 302 A.D.2d 993, 995 (N.Y. App. Div., 4th Dept. 2003).

15

noted by Magistrate Judge Peebles, because Petitioner can no longer raise these claims in a second direct appeal, the claims are "deemed exhausted." (Dkt. No. 24, at 58-59 [Rep.-Rec.].) Deemed exhausted, the Court concludes that the ineffective assistance arguments are also procedurally barred, for the reasons indicated by Magistrate Judge Peebles in his Report-Recommendation. (Dkt. No. 24, at 59-64 [Rep.-Rec.].) In addition, for the reasons indicated by Magistrate Judge Peebles in his Report-Recommendation, Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. (*Id*.) However, for the reasons indicated in Part III.F. of this Decision and Order, and in Magistrate Judge Peebles's Report-Recommendation, the Court finds that Petitioner's unexhausted claims are "plainly meritless."

For these reasons, the Court rejects Petitioner's argument that his claims regarding the ineffective assistance of trial counsel were properly exhausted.

### H. Petitioner's Argument that His Claims Regarding the Ineffective Assistance of Appellate Counsel Were Properly Exhausted

Petitioner argues that all of the claims regarding the ineffective assistance of appellate counsel have been exhausted, contrary to Magistrate Judge Peebles's findings. (Dkt. No. 29, Part 1, at 35 [Obj. to Rep.-Rec.].) To the extent that Magistrate Judge Peebles found Petitioner's claims to be unexhausted due to Petitioner's failure to initiate a state *coram nobis* proceeding, without addressing this finding, Petitioner argues that he exhausted his claims because he raised some of his specific challenges to appellate counsel's effectiveness in the state courts through letter correspondence with the Appellate Division. (*Id*.)

"[A] claim that appellate counsel was ineffective is not pleaded as a ground for habeas relief, and is unexhausted [when Petitioner does] not raise this claim in a state *coram nobis*

petition." *Horton v. Ercole*, 557 F. Supp.2d 308, 327 (N.D.N.Y. 2008) (Sharpe, J.) [citations omitted]; *Garcia v. Scully*, 907 F. Supp. 700, 706-07 (S.D.N.Y. 1995) (noting that "[t]he only procedure in New York [for presenting a claim of appellate counsel ineffectiveness] is an application for a writ of error *coram nobis* to the Appellate Division department that affirmed the conviction.") [citations omitted].

Because Petitioner failed to initiate a state *coram nobis* proceeding, the Court finds that the claims identified by Magistrate Judge Peebles as unexhausted are unexhausted.  Moreover, the Court agrees with Magistrate Judge Peebles that these unexhausted claims are "plainly meritless," for the reasons stated in his Report-Recommendation.  (Dkt. No. 24, at 90-94 [Rep.-Rec.].)

For these reasons, the Court rejects Petitioner's argument that his claims regarding the ineffective assistance of appellate counsel were properly exhausted.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles's Report-Recommendation (Dkt. No. 24) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's Petition (Dkt. No. 1) is **DISMISSED** in its entirety; and it is further

**ORDERED** that a Certificate of Appealability will not be issued.

Dated: March 10, 2009
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge